UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JESSE LEE ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>MIKE BRAUN, LLOYD ARNOLD, BRIAN ENGLISH, SMITH, MORGAN, KELSI WILLIAMS, WELLS, AJOSE, TUCKER, MS B, BALLARD, KUENSLEY, JOHN DOE, ATTORNEY GENERAL, KIMBERLY GRANDSTAFF, ANITA HUMMEL,<br><br>Defendants. | CAUSE NO. 3:26-CV-126-JD-AZ |

OPINION AND ORDER

Jesse Lee Rogers, a prisoner without a lawyer, filed a vague complaint against sixteen defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rogers begins his complaint by alleging that he is disabled without identifying the nature of his disability. In an exhibit attached to the complaint, Rogers explains that he suffers both physical and mental disabilities. He indicates he suffered a brain injury

and is in severe chronic pain. He does not describe the nature of his pain, but he indicates he is "basically bedridden." ECF 1-1 at 49. He suffers from paranoid schizophrenia. He hears voices and talks to them. He has hallucinations. He also indicates he has multiple personalities. Additionally, he is autistic. Other than mentioning he is disabled, Rogers does not explain how his disability is relevant to the allegations raised in his complaint.

In late April or early May 2025, Rogers was transferred to LHU. Rogers had problems with other inmates in the past when housed in LHU. He asked Sgt. Ajose for both a protective custody form and a grievance form, but Sgt. Ajose refused to provide the forms. Rogers provided Sgt. Ajose a detailed report of his situation, but Sgt. Ajose allegedly refused to assist Rogers.

A new female guard known as "Ms. B" allegedly shared information about Rogers with other inmates. It is unclear what information she shared, but Rogers alleges that it led to inmates coming to the door of his cell to threaten and extorted Rogers and his cellmate. Because of these threats, Rogers remained in his cell and did not receive either food or medication. It is unclear how long Rogers went without food or medication. After Rogers began keeping his cell door closed, Ms. B allegedly sent inmates to Rogers' cell to offer to sell him food. Sgt. Ajose laughed at Rogers. Ms. B came to Rogers' cell door and screamed at him and his cellmate that they "refused chow." ECF 1 at 4. Rogers provided Sgt. Ajose with another detailed report, but he again refused to help by providing either a request for protective custody form or a grievance form. He did, however, move Rogers to the other side of LHU.

Rogers was not satisfied with this accommodation. He had previously been removed from this side of LHU due to danger several times. The problems he had there before were allegedly occurring again. His requests and reports were allegedly ignored by everyone, including the Warden and medical staff. An inmate wielding a broken hot pot, Rogers' cellmate, and a third inmate allegedly threatened to rape Rogers and murder him with a "blick." *Id.*

Rogers made unidentified guards and Sgt. Tucker aware of the situation. After that, the inmates tried to stab Rogers. Rogers does not provide any details regarding this attempt, and he does not indicate that it resulted in an injury. Rogers notified staff who brought Sgt. Tucker to Rogers' cuff port. Rogers gave Sgt. Tucker another written report. Sgt. Tucker told Rogers to just keep his door closed and locked. Shortly thereafter, guards opened Rogers' door and allowed two of the individuals who threatened Rogers to enter his cell. Rogers, however, does not indicate that he was attacked or injured at that time.

Eventually Rogers was assigned a new cellmate, but Rogers had problems with this individual in the past. During a prior stay in LHU, this individual was stealing from Rogers. Rogers' cellmate and his friends began extorting Rogers. Rogers tried resolving things politely, but that did not work. He states that "On June 5, 2025 at 3:00 p.m., it was dealt with." ECF 1 at 5. Rogers does not explain what that means in his complaint, but exhibits to his complaint indicate that he was charged with battery against his cellmate, found guilty, and sanctioned. ECF 1-1 at 30-37. His sanctions included a grievous loss. *Id.*

It appears that Rogers is suing the defendants because they placed him in housing that was dangerous for him or refused to remove him from housing once it became dangerous for him. But Rogers does not allege that he was attacked or physically harmed due to any specific threats communicated to the defendants. Mere fear of an attack that does not occur does not state a claim for monetary damages. See *Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) ("An allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." (internal quotation marks and citation omitted)). Therefore, he cannot proceed on a failure to protect claim against any of the defendants named in this action.

Rogers complains about property lost due to extortion by inmates. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Even the destruction of legal materials is merely a property loss if the papers are replaceable.

*Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Thus, Rogers cannot proceed on claims based on lost or damaged property.

Additionally, many of the individuals Rogers has listed as defendants are not mentioned in the body of his complaint. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). It is, however, insufficient to merely list individuals as defendants without explaining how they personally violated Rogers' rights.

Finally, exhibits submitted with Rogers' complaint show that he was convicted of battery against his cellmate and suffered a grievous loss.

> In *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–2373, 129 L.Ed.2d 383 (1994), this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quotation marks omitted). While Rogers' complaint does not state a claim, Rogers is cautioned that any claim that would be inconsistent with the finding that he is guilty of the disciplinary offense for battery would be barred until his disciplinary offense is overturned.

This complaint does not state a claim for which relief can be granted. The complaint is short on facts, dates, and specifics about what occurred and why Rogers is

suing each of the defendants he has named in this action. Based on what it does say, it is not plausible to infer that his constitutional rights have been violated. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Rogers believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available

from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jesse Lee Rogers until **December 14, 2026**, to file an amended complaint; and

(2) CAUTIONS Jesse Lee Rogers that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 12, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT